IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-1204 (JBS/JS) |
| v. | |
| HOPE NOW MODIFICATIONS, LLC, et al., | **MEMORANDUM OPINION** |
| Defendants. | |
| HOPE NOW MODIFICATIONS, LLC, et al., | |
| Third Party Plaintiffs, | |
| v. | |
| MICHAEL KWASNIK, et al., | |
| Third Party Defendants. | |

**SIMANDLE,** District Judge:

This matter is before the Court upon the Federal Trade Commission's motion to strike Defendants' affirmative defenses and demand for a jury trial, to the extent that the jury demand extends to the FTC's claims against Defendants [Docket Item 38]. Defendants have since clarified that they do not seek a jury trial with respect to the FTC's action. Defendants have not opposed the FTC's motion to strike affirmative defenses. THIS COURT FINDS AS FOLLOWS:

1. The FTC commenced this action against Defendants alleging that Defendants engaged in unfair and deceptive practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a).  On May 13, 2009, Defendants filed an Answer to the FTC's Complaint, along with a Third Party Complaint against Defendant's lawyer, Michael Kwasnik, and his law firm, Kwasnik, Rodio, Kanowitz & Buckley, P.C. [Docket Item 30].  In their Answer, Defendants assert two affirmative defenses: (1) "To the extent any damages or penalties are assessed against defendants, those damages and/or penalties were caused by the defendants' reliance on counsel, as set forth in the Third Party Complaint.  Accordingly those damages will be assessed against third party defendants;" and (2) "Defendants' actions, as set forth in Plaintiff's complaint, were not intentional, and the lack of intent is relevant to any future assessment of damages and/or penalties."  (Defs. Answer at 5.)  In addition, Defendants requested "a jury trial as to all issues raised in the Third Party Complaint which are triable by jury."  (Id. at 15.)

2. Good faith is not a defense to liability under Section 5(a) of the FTC Act.  In re Nat'l Credit Mgmt. Group, LLC, 21 F. Supp. 2d 424, 441 (D.N.J. 1998) (citing FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988)).  "[I]ntent to deceive is not a required element for a section 5

violation." Chrysler Corp. v. FTC, 561 F.2d 357, 363 n.5 (D.C. Cir. 1977). Similarly, reliance on counsel is not a valid defense to liability under the FTC Act. FTC v. Cyberspace.Com LLC, 453 F.3d 1196, 1202 (9th Cir. 2006); FTC v. Amy Travel Serv., Inc., 875 F.2d 564, 575 (7th Cir. 1989). Consequently, neither of Defendants' stated affirmative defenses are valid defenses to liability and the Court will strike both defenses.

3. Defendants having made clear that they are not demanding a jury trial with respect to the FTC action and the Court finds Defendants' request for a jury trial limited to Defendants' third party complaint against the law firm defendants. The Court will dismiss as moot the FTC's motion to strike Defendants' demand for a jury trial.

4. The accompanying Order shall be entered.


**November 4, 2009**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge