IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>HOPE NOW MODIFICATIONS, LLC, et al.,<br><br>      Defendants.<br>_____<br>HOPE NOW MODIFICATIONS, LLC, et al.,<br><br>      Third Party Plaintiffs,<br><br>      v.<br><br>MICHAEL KWASNIK, et al.,<br><br>      Third Party Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 09-1204 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** District Judge:

    This matter is before the Court upon the Federal Trade Commission's unopposed motion to strike the affirmative defenses of the law firm Kwasnik, Rodio, Kanowitz & Buckley and attorney Michael Kwasnik (collectively, "Kwasnik Defendants") pursuant to Rule 12(f), Fed. R. Civ. P. [Docket Item 83].  THIS COURT FINDS AS FOLLOWS:

    1.  The FTC has alleged that the Kwasnik Defendants engaged in unfair and deceptive practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a),

and the regulations implementing the Telemarketing and Consumer Fraud Abuse Prevention Act, 16 C.F.R. §§ 310.1-310.9.  In their Answer to the FTC's Amended Complaint, the Kwasnik Defendants raise five affirmative defenses.  In the first three "affirmative defenses," the Kwasnik Defendants assert that they are not responsible for any of the alleged wrongdoing, because the wrong-doers were third parties (first affirmative defense) or were agents working outside the scope of their authority (second affirmative defense), while Kwasnik complied with the law (third affirmative defense).  The fourth affirmative defense asserted by the Kwasnik Defendants is the allegation that they were not the "proximate cause of any damage to any consumer."  The fifth affirmative defense asserts, without more, that the FTC's Amended Complaint "fails due to improper jurisdiction."

  2. The Court will strike the first three affirmative defenses as redundant, as they are general denials of fault, and not true affirmative defenses.

  3. The Court will strike the Kwasnik Defendants fourth affirmative defense, because the FTC is not obligated to show that the defendants' conduct proximately caused harm to consumers.  Instead, to show a violation under Section 5(a) of the FTC Act, the FTC need only establish that the Kwasnik Defendants' conduct involved a material representation or omission that was likely to mislead consumers, acting reasonably

under the circumstances, to their detriment.  <u>FTC v. Pantron I Corp.</u>, 33 F.3d 1088, 1095 (9th Cir. 1994); <u>FTC v. Chinery</u>, No. 05-3460, 2007 U.S. Dist. LEXIS 48597, at *13 (D.N.J. July 5, 2007); <u>In re Nat'l Credit Mgmt. Group, LLC</u>, 21 F. Supp. 2d 424, 441 (D.N.J. 1998).  The same standard for violations of FTC Act apply to the Telemarketing regulations.  15 U.S.C. § 6105(b).

    4.  The Court will strike the fifth affirmative defense as legally insufficient.  The Kwasnik Defendants do not offer any basis for their assertion that the Court does not have jurisdiction over the FTC's claim.  Having reviewed the Amended Complaint, brought by a United States agency based on federal statutes, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1345. Neither the Kwasnik law firm, whose principal place of business is in New Jersey, nor Michael Kwasnik, who resides and works in New Jersey, have provided the Court with any basis to conclude that the Court lacks personal jurisdiction.

    5.  In sum, the Court will grant the FTC's motion to strike, having found that the Kwasnik Defendants' affirmative defenses are either redundant or legally insufficient.  The accompanying Order shall be entered.

**April 12, 2010**                       <u>s/ Jerome B. Simandle</u>
Date                                 JEROME B. SIMANDLE
                                      United States District Judge