```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-1204 (JBS/JS) |
| v. | |
| HOPE NOW MODIFICATIONS, LLC, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Willard K. Tom
General Counsel
    by:  Gregory A. Ashe, Esq.
        Lawrence Hodapp, Esq.
        Stephanie Rosenthal, Esq.
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, Room NJ3158
Washington, D.C. 20580
    Counsel for Plaintiff Federal Trade Commission

Matthew S. Wolf, Esq.
Hercules Pappas, Esq.
PAPPAS & WOLF, LLC
423 White Horse Pike
Haddon Heights, New Jersey 08035
    Counsel for Defendants Michael W. Kwasnik, Esquire and
    Kwasnik, Rodio, Kanowitz & Buckley, P.C.

**SIMANDLE**, District Judge:

## I. INTRODUCTION

This matter is before the Court upon Plaintiff Federal Trade Commission's ("FTC") motion to strike as insufficient the affirmative defenses of the law firm Kwasnik, Rodio, Kanowitz & Buckley and attorney Michael Kwasnik ("Kwasnik Defendants" or "Defendants") pursuant to Rule 12(f), Fed. R. Civ. P. [Docket

Item 101]. For the reasons stated below, the Court will grant in part and deny in part the motion.

**II. BACKGROUND**

This case was initially brought on March 17, 2009 by the FTC against a different set of defendants, who were affiliated with a mortgage modification corporation titled Hope Now Modifications, LLC ("Hope Now Defendants"). [Docket Item 1.] The FTC subsequently submitted an amended complaint, also naming as defendants the Kwasnik Defendants presently at issue. [Docket Item 60.] On July 12, 2010, the Hope Now Defendants entered into a settlement agreement with the FTC and were subsequently terminated from this action. [Docket Item 104.] The FTC has alleged that the Kwasnik Defendants engaged in unfair and deceptive practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the regulations implementing the Telemarketing and Consumer Fraud Abuse Prevention Act, 16 C.F.R. §§ 310.1-310.9.

This present motion is the second time the FTC has moved to strike the Kwasnik Defendants' affirmative defenses during the pendency of this case. The FTC first moved to strike the affirmative defenses contained in the Kwasnik Defendants' Answer on November 5, 2009 [Docket Item 83], which the Defendants did not oppose and the Court granted on April 12, 2010 [Docket Items

91 & 92]. The Kwasnik Defendants subsequently requested leave to file an amendment to their Answer, which was granted by Magistrate Judge Joel Schneider in a telephone status conference held on June 10, 2010. The Kwasnik Defendants filed the amendment to the Answer on June 15, 2010 [Docket Item 99], listing ten new affirmative defenses. Specifically, Defendants plead the following affirmative defenses: (1) laches, (2) estoppel, (3) unclean hands, (4) unconscionability, (5) waiver, (6) accord and satisfaction, (7) settlement, (8) judicial estoppel, (9) release, and (10) good faith. The pleading, like most answers received by this Court, lists the asserted affirmative defenses without alleging any facts upon which the defenses might be based. On July 1, 2010, the FTC again moved to strike under Rule 12(f) as insufficient the new affirmative defenses.

**III. DISCUSSION**

    **A. Standard of Review**

Rule 12(f) provides the means to challenge the sufficiency of affirmative defenses. In deciding a Rule 12(f) motion, a court "may strike from a pleading an insufficient defense . . . " either on its own or "on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). As a general matter, motions to strike under Rule

12(f) are highly disfavored.  See Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002).  This is because "it is often sought by the movant simply as a dilatory tactic."  Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).  The successful motion to strike is granted to "save time and expense" by clearing away pleadings "which will not have any possible bearing on the outcome of the litigation."  Garlanger, 223 F. Supp. 2d at 609.  However, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party."  Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F. Supp. 2d 353, 359 (D. Del. 2009) (quotations omitted).

An affirmative defense is insufficient if "it is not recognized as a defense to the cause of action."  Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993) (quoting Total Containment, Inc. v. Environ Products, Inc., Civ. No. 91-7911, slip op. 1992 WL 208981 at *1 (E.D. Pa. Aug. 19, 1992)).  Thus, on the basis of the pleadings alone, "an affirmative defense can be stricken only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts."  Id. at 218 (quoting Linker v. Custom-Bilt Machinery, Inc., 594 F. Supp. 894, 898 (E.D. Pa. 1984)).  The district court's decision whether to grant a motion to strike

under Rule 12(f) is discretionary.  <u>Id.</u> at 217 (citing <u>River Road Devel. Corp. v. Carlson Corp.</u> Civ. No. 89-7073, slip op. 1990 WL 69085 at *2 (E.D. Pa. May 23, 1990)).

**B.  Rule 12(f) under <u>Twombly</u> and <u>Iqbal</u> Pleading Standard**

The FTC argues first that all ten of Defendants' affirmative defenses should be struck under Rule 12(f) because the defenses do not meet the pleading standards for stating a claim for relief in a complaint as announced first in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) and later elaborated in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), requiring a party seeking relief to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u>  Both parties state, and the Court's research confirms, that no Federal Circuit Court has yet considered whether to extend the pleading requirements of <u>Twombly</u> and <u>Iqbal</u> to affirmative defenses.  As this question appears to be one of first impression in this District, and has not been addressed by the Third Circuit Court of Appeals, the Court has given it more attention than would normally be called for in deciding a motion to strike.

The FTC, in arguing that the plausibility pleading standard of <u>Iqbal</u> should apply to affirmative defenses, points to the plaintiff's need of adequate notice.  Specifically, FTC argues that allowing a defendant merely to assert an affirmative defense

5

without alleging any facts which could plausibly support the defense will prejudice the plaintiff by not giving adequate notice of the nature of the defense.  Consequently, FTC alleges, allowing such "bare bones" pleading forces the plaintiff to engage in discovery to find out whether such a defense even exists.  See Holtzman v. B/E Aerospace, Inc., Civ. No. 07-80551, slip op. 2008 WL 2225668 at *2 (S.D. Fla. May 29, 2008).  Thus, the FTC claims, because Defendants' amended affirmative defenses are merely listed without alleging any facts in support, they should be struck as legally insufficient under Rule 12(f).

    Defendants respond by arguing that Twombly and Iqbal, which addressed only the pleading requirements of plaintiffs asserting a claim for relief under Rule 8(a), have no application to the pleading requirements for affirmative defenses under Rule 8(c).  See, Iqbal, 129 S. Ct. at 1949-50 ("[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the pleader is entitled to relief") (quoting Fed. R. Civ. P. 8(a)(2)).  By contrast, Defendants argue, affirmative defenses are governed by Rule 8(c), which requires only that the defendant "affirmatively state any avoidance or affirmative defense."  Fed R. Civ. P. 8(c)(1).  Thus, Defendants argue, while Rule 8 requires the plaintiff seeking relief to "show" that she is entitled to such relief, it requires the

defendant asserting an affirmative defense to merely "state" that defense. See Charleswell v. Chase Manhattan Bank,N.A., Civ. No. 01-119, slip op. 2009 WL 4981730 at *4 (D.V.I. Dec. 8, 2009) ("This Court concludes that the pleading standards articulated in Twombly and Iqbal do not extend to affirmative defenses"); Romantine v. CH2M Hill Engineers, Inc., Civ. No. 09-973, slip op. 2009 WL 3417469 at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that Twombly is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b)").

This Court joins the two other Districts in this Circuit that have addressed this issue by holding that the heightened pleading standard of Twombly and Iqbal does not apply to affirmative defenses. The Court finds persuasive the textual analysis demonstrating that the Federal Rules of Civil Procedure distinguish the level of pleading required between a plaintiff asserting a claim for relief under Rule 8(a) and a defendant asserting an affirmative defense under Rule 8(c). By contrast, the Court finds the concern for notice to plaintiffs to be of a lesser concern under the current rules. The FTC cites to Holtzman v. B/E Aerospace, Inc., 2008 WL 2225668 (S.D. Fla. May 29, 2008) for the proposition that the "[p]laintiff should not be left to discover the bare minimum facts constituting a defense until discovery, for the 'purpose of discovery is to find out

7

additional facts about a well-pleaded claim, not to find out whether such a claim exists.'" Id. at *2 (quoting Stoner v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y. 1991)). However, the Court notes that Stoner v. Walsh concerned the pleading standard for a party seeking relief under Rule 8(a), which this Court has already distinguished from a defendant merely asserting an affirmative defense under Rule 8(c). In other words, by stating an affirmative defense under Rule 8(c), a defendant is not making a "claim for relief" to which Rule 8(a) would apply.

Indeed, in Iqbal, the Court justified the need for a higher pleading standard, in part, out of concern that allowing threadbare complaints to survive a Rule 12(b)(6) motion to dismiss would unjustifiably subject more defendants to the burdens of discovery. See Iqbal, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). By contrast, however, the Defendants here are in an entirely different posture regarding discovery. A defendant asserting an affirmative defense is not "unlock[ing] the doors of discovery" in the same way that a plaintiff does by bringing a complaint in the first place. The Defendants here are already subjected to discovery, and the Court therefore concludes that should the Plaintiff need to request the factual basis of an

8

asserted affirmative defense by way of an interrogatory, Twombly and Iqbal do not counsel otherwise.

Under the Rules, a plaintiff faced with a vague or possibly frivolous defense is not without remedy. Defendants' affirmative defenses can easily be explored through contention interrogatories to the Defendants at this time under Rule 33(a)(2); contention interrogatories would not be premature because the alleged defenses are peculiarly within the knowledge of these Defendants. The Rules permit such interrogatories to be accompanied by document requests under Rule 34, seeking all documents supporting the specified defense.

The Court further notes that the Rules provide some further protections against a defendant asserting frivolous defenses. First, a defendant must make the initial disclosures of persons having discoverable information, and of documents, as required by Rule 26(a)(1)(A)(i) & (ii), pertinent to its defenses. Second, although Twombly and Iqbal do not require specificity in stating defenses, Rule 11(b)(2) provides that defense counsel, by signing such a pleading, certifies to the best of counsel's belief, formed after reasonable inquiry, that "the . . . defenses . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," and that a breach of this duty, such as by asserting frivolous defenses, is subject to Rule 11(e) sanctions. See Ruth v. Unifund CCR

9

Partners, 604 F.3d 908, 911 (6th Cir. 2010) ("The [Rule 11] requirement that parties have a good-faith basis for their pleadings applies to answers every bit as much as it does to counterclaims"); MHC Investment Co. v. Racom Corp., 323 F.3d 620 (8th Cir. 2003) (affirming imposition of sanctions against defendant for raising affirmative defenses lacking factual or legal basis); Davis v. United States, 739 F. Supp. 2d 64 (D. Mass. 2010) (imposing sanctions against government defendant for asserting affirmative defense in bad faith).

The Court therefore concludes that the pleading standards of Twombly and Iqbal do not apply to affirmative defenses under Rule 8(c). The Court will, instead, determine whether each affirmative defense should be struck pursuant to Rule 12(f) as legally insufficient because (1) it could not possibly prevent recovery under any pleaded or inferable set of facts, and (2) its continuing presence in the pleadings will prejudice the FTC.

### C. The Fourth, Sixth, Seventh, Eighth and Ninth Affirmative Defenses Will Be Struck

The Defendants do not contest the FTC's motion as to the fourth, sixth, seventh, eighth and ninth affirmative defenses. Consequently, the Court grants the FTC's motion as to these five affirmative defenses and will strike the defenses of unconscionability, accord and satisfaction, settlement, judicial estoppel, and release.

**D.   Defendants' Remaining Affirmative Defenses**

The FTC argues, and Defendants contest, that the remaining affirmative defenses are legally insufficient for various reasons.  However, the FTC presents no argument, beyond the need to conduct a minimal level of discovery, that their presence in the litigation will be prejudicial at this stage.  Thus, assuming <u>arguendo</u> that the FTC's arguments for insufficiency are all well founded, the Court declines to exercise its discretion to strike the defenses "in the absence of a showing of prejudice to the moving party."  <u>United States v. Kramer</u>, 757 F. Supp. 397, 409 (D.N.J. 1991) (quoting 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1381).  <u>Cf.</u> <u>Louisiana Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp.</u>, 53 F.R.D. 458, 460 (D. Del. 1971) (holding that affirmative defense that will "substantially complicate the discovery proceedings and the issues at trial" prejudices plaintiff sufficient to grant Rule 12(f) motion).

In the present case, Plaintiffs have not argued, and the Court sees no basis to find, that any of the remaining affirmative defenses will unreasonably complicate or frustrate the progress of the litigation of this matter.  Consequently, the Court will deny the FTC's motion with regards to the first, second, third, fifth and tenth affirmative defenses.  Thus, the stated defenses of laches, estoppel, unclean hands, waiver and

11

"good faith" remain in play.  If Defendants have not already made their required initial disclosures with respect to each such defense pursuant to Fed. R. Civ. P. 26(a)(1)(A), Defendants shall do so within fourteen (14) days hereof, as provided in the accompanying Order.

**IV.   CONCLUSION**

The Court declines to extend the heightened pleading standards of Twombly and Iqbal to pleading an affirmative defense under Rule 8(c), Fed. R. Civ. P.  The Rules requiring disclosure of witnesses and documents supporting a defense, and requiring elucidation of stated defenses through answers to contention interrogatories, and subjecting the pleading of an affirmative defense to the strictures of Rule 11, provide a deterrent to the unfounded assertion of a defense.  The Court will grant FTC's motion to strike under Rule 12(f) for the fourth, sixth, seventh, eighth and ninth affirmative defenses, and deny the motion as to the remaining affirmative defenses.  Defendants shall supply all required initial disclosures of witnesses and documents with respect to each remaining defense, pursuant to Rule 26(a)(1)(A), within fourteen (14) days hereof.  The accompanying Order will be entered.

**March 10, 2011**                                         **s/ Jerome B. Simandle**
Date                                                        JEROME B. SIMANDLE
                                                            United States District Judge