[Doc. No. 128]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HOPE NOW MODIFICATIONS, LLC, : <br> et al, : <br> : <br> Defendants. : | Civil No. 09-1204 (JBS/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the "Motion to Compel Answer to Interrogatory and Production of Documents" [Doc. No. 128] filed by defendants Kwasnik, Rodio, Kanowitz & Buckley, P.C., and Michael Kwasnik (hereinafter "defendants"). The Court received the Federal Trade Commission's (hereinafter "plaintiff" or "FTC") opposition to defendants' motion [Doc. No. 133], and defendants' reply [Doc. No. 135], and held oral argument. For the following reasons, defendants' motion is DENIED.

**I. Background**

The Honorable Jerome B. Simandle, U.S.D.J., set forth the pertinent factual and procedural background of the case in his Opinion dated March 10, 2011 [Doc. No. 122]:

> This case was initially brought on March 17, 2009 by the FTC against a different set of

1

> defendants, who were affiliated with a mortgage modification corporation titled Hope Now Modifications, LLC ("Hope Now Defendants"). [Docket Item 1.] The FTC subsequently submitted an amended complaint, also naming as defendants the Kwasnik Defendants presently at issue. [Docket Item 60.] On July 12, 2010, the Hope Now Defendants entered into a settlement agreement with the FTC and were subsequently terminated from this action. [Docket Item 104.] The FTC has alleged that the Kwasnik Defendants engaged in unfair and deceptive practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the regulations implementing the Telemarketing and Consumer Fraud Abuse Prevention Act, 16 C.F.R. §§ 310.1-310.9.

Id. at 2. Discovery has proceeded in the case, and defendants filed the present motion seeking to compel two sets of documents: (1) FTC staff memoranda purportedly containing a crystalized description of the factual basis for plaintiff's claims against defendants, and (2) notes made by FTC personnel during their interview of Salvatore Puglia which took place on June 15, 2009.[1] Defendants argue they are only seeking the factual information contained in these documents, and have asked the Court to conduct an in camera review of the documents for the purpose of redacting any non-factual information. In opposition to defendants' motion, plaintiff argues the FTC staff memoranda is covered by the work product doctrine and the deliberative process privilege, and the

---

[1] Puglia was interviewed after plaintiff's complaint was filed but before defendants were joined as additional named defendants.

notes of the Puglia interview are covered by the work product doctrine.[2] The Court will address each of defendants' requests in turn.

**II. DISCUSSION**

    **A. FTC Staff Memoranda**

Defendants argue the FTC "should be compelled to [sic] [produce] the 'Memo from staff to the Commission Recommending the Filing of Amended Complaint,'" because, "[i]n addition to the facts contained in the Staff Memo, the Staff Memo should serve to narrow the actual issues that have been buried in the piles upon piles of documents and witnesses that have been thrown at the Kwasnik defendants in the disclosures, responses to document requests, and answers to interrogatories."[3] Brief at 16-17. Defendants claim that neither the deliberative process privilege nor the work product doctrine should shield production of the memoranda, as defendants' substantial need for the information contained in the memoranda outweighs plaintiff's interest in protection of same. Id. Plaintiff disputes this contention, and argues, "[t]he

---

[2]While plaintiff asserts other grounds in opposition to defendants' motion, the Court will address the grounds it considers most salient (here, the work product doctrine and the deliberative process privilege).

[3]Defendants contend that they have a "substantial need" for the FTC memoranda because "the FTC has provided close to 20,000 pages of documents as part of its document disclosure. Through its Rule 26 disclosures and answers to interrogatories, the FTC has identified hundreds upon hundreds of witnesses." Brief at 16.

Recommendation Memoranda fall squarely within both the deliberative process and attorney work product privileges and the Kwasnik Defendants have failed to demonstrate any reason why such privileges should be cast aside." Opposition at 6.[4]

The Court concurs with plaintiff's assessment. Documents such as the FTC staff memoranda at issue here have been found to be covered by the work product doctrine. "As the Supreme Court has said...'(w)hatever the outer boundaries of the attorney's work-product rule are, the rule clearly applies to memoranda prepared by an attorney in contemplation of litigation which sets forth the attorney's theory of the case and his litigation strategy.'" Bristol-Meyers Co. v. F.T.C., 598 F.2d 18, 28-29 (D.C. Cir. 1978) (citing NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 154 (1975)).

Further, the deliberative process privilege protects communications that are part of the decision-making process of a governmental agency. Sears, Roebuck, 421 U.S. at 150-152. "[A] party's assertion of the deliberative process privilege requires a two-step review in the district court. First, it must decide whether the communications are in fact privileged. Second, the court must balance the parties' interests." Redland Soccer Club,

---

[4]Plaintiff also asserts, "by forcing disclosure of the Recommendation Memoranda, [defendants] are asking the Court to direct the FTC to do the work for them of determining which documents and witnesses are important for their defense." Id. at 17.

4

Inc. v. Department of Army of U.S., 55 F.3d 827, 854 (3d Cir. 1995). The Court finds that the affidavit of plaintiff's General Counsel, Willard K. Tom, establishes that the communications at issue are privileged. After listing the documents that comprise the requested memoranda, Mr. Tom indicates the following:

> The documents reflect the thoughts, review, analysis, recommendations, and communications by and among staff at all levels of the FTC relating to decisions to amend a complaint or to accept a settlement. They contain frank discussions and comments by FTC personnel about the legal and policy issues that the FTC has a statutorily-imposed mandate to address and were used by FTC staff attorneys and managers in formulating their own proposals and recommendations. The memoranda reflect the actual formal advice and recommendations to the Commission by the FTC staff members who are most directly responsible for developing Commission policies, carrying out investigations of possible law violations, and litigating enforcement actions.

Declaration of Willard K. Tom ¶ 14. In balancing the parties' interests, the Court finds that the FTC's interest in "[m]aintaining the confidentiality of the staff's thoughts, analyses, recommendations, and advice to senior management and to the Commission" (Id. ¶ 15) substantially outweighs defendants' interest in obtaining "a good source of the central facts considered by the FTC in determining to bring the claims against...defendants." Brief at 16. This is especially true in view of the fact that defendants have and will in the future conduct substantial discovery, including numerous depositions and

5

document productions.

Further, substantial precedent dictates that FTC staff memoranda to senior agency officials with recommendations and legal interpretations are covered by the deliberative process privilege and thus exempt from production. See e.g., U.S. v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993) (citing United States v. Nixon, 418 U.S. 683, 705 (1974)); Sears, Roebuck, 421 U.S. at 150-151) ("The deliberative process extends to these pre-decisional communications-if communications such as these were exposed the candor of government staff would be tempered 'with a concern for appearances to the detriment of the decisionmaking process.'")); Novo Laboratories, Inc. v. F.T.C., No. 80-1989, 1981 WL 2214, at *4 (D.D.C. July 21, 1981).

The Court recognizes that the deliberative process privilege is not absolute. Redland Soccer Club, 55 F.3d at 854. The privilege does not protect factual information, even if such information is contained in an otherwise protectable document, as long as the information is severable. Id. See also U.S. S.E.C. v. Sentinel Mgmt. Grp., Inc., No. 07 C 4684, 2010 WL 4977220, at *3 (N.D. Ill. Dec. 2, 2010) (internal citations omitted) ("Discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege."). However, "[w]hile factual information is generally not exempt from disclosure, in certain circumstances, purely

6

factual material is presented in a manner such that its release in itself would compromise the deliberative process." Novo Labs., supra, 1981 WL 2214, at *4 (citing Mead Data Central Inc. v. U. S. Dep't of Air Force, 566 F. 2d 242, 256 (D. C. Cir. 1977); Montrose Chem. Corp. v. Train, 491 F. 2d 63, 68 (D. C. Cir. 1974)). See also Sentinel Mgmt. Grp., Inc., supra, 2010 WL 4977220, at *3 ("[P]urely factual information must be segregated from deliberative material and produced unless it is inextricably intertwined with the privileged material or would itself reveal the deliberative process.").

The FTC staff memoranda at issue here present an instance where the factual information they contain is so intertwined with the authors' thought processes that parsing the information becomes impracticable. See Declaration of Willard K. Tom ¶ 14. As such, the Court finds the memoranda to be covered by the deliberative process privilege as well as the work product doctrine, and thus exempt from compelled disclosure.

**B. Investigator Notes of Puglia Interview**

Defendants argue the FTC should be ordered to describe in detail what Puglia said during his interview on June 15, 2009, and the FTC should also be compelled to produce its investigator's notes of the interview.[5] See Brief at 4-5. Defendants argue that

---

[5]Although it is not perfectly clear, the Court assumes only one set of investigator notes exists. If other sets of investigator notes from the June 15, 2009 interview of Puglia

7

neither the attorney-work product doctrine nor the deliberative process privilege justifies withholding the investigator's notes. Id. at 6-13. Plaintiff counters that the information regarding the Puglia interview is protected by the attorney work product doctrine. See Opposition at 18-23.

Pursuant to Fed. R. Civ. P. 26(b)(3), attorney work product is only discoverable if the party seeking the disclosure demonstrates "substantial need of the materials ... and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even when work product is discoverable, the Court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Id.

The Court finds that Puglia's interview notes are covered by the work product doctrine and entitled to protection.[6] See Sentinel Mgmt. Grp., Inc., supra, 2010 WL 4977220, at *7 ("Materials prepared by SEC attorneys in anticipation of litigation

---

exist, the same ruling would apply to them.

[6]Although plaintiff and defendants discuss other arguments in their briefs, the Court will only address the grounds it deems salient to resolution of the present dispute. Regarding defendants' request for the investigator's notes from the Puglia interview, the Court finds the work product doctrine provides an adequate basis on which to deny defendants' motion, obviating the need for discussion of the deliberative process and law enforcement privileges.

8

that disclose what they learned during witness interviews undoubtedly constitute attorney work product."). The Third Circuit has delineated the "several unique and well-documented problems" faced by a Court in considering the discoverability of memoranda summarizing oral interviews. In re Grand Jury Investigation, 599 F.2d 1224, 1231 (3d Cir. 1979). In In re Grand Jury Investigation, the Third Circuit noted, "[m]emoranda summarizing oral interviews...may indirectly reveal the attorney's mental processes, his opinion work product....[S]pecial considerations...must shape any ruling on the discoverability of interview memoranda....[S]uch documents will be discoverable only in a 'rare situation.'" Id. Further, "[a]s the work product sought here is based on oral statements from witnesses, a far stronger showing is required than the 'substantial need' and 'without undue hardship' standard applicable to discovery of work-product protected documents and other tangible things." In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988).

As with defendants' request for compelled disclosure of the FTC staff memoranda, the Court does not find that defendants have made an adequate showing of "substantial need" for the investigator's notes from the Puglia interview, especially considering the strong showing that is required. Defendants argue they have "a substantial need for the materials to prepare their case and these defendants cannot find out prior to the deposition

9

of Salvatore Puglia what was said by any other means." Brief at 8-9. Defendants' argument is conclusory and they have not made a sufficient showing of substantial need. At oral argument, plaintiff indicated that it cannot reveal facts from the interview without also revealing work product. The FTC further asserted, "[t]o the extent Mr. Puglia has sent [the FTC] e-mail and he has sent [the FTC] e-mail, those have all been turned over. Anything that's unfiltered by [the FTC], has been turned over. [The FTC] turned over 21,000 documents to [defendants] and [the FTC] responded fully to all contention interrogatories." Transcript of May 16, 2011 Oral Argument, N.T. 25:23 to 26:6. In addition, Puglia will be deposed, so defendants will learn his version of the relevant facts.[7] See, e.g., Frieman v. USAir Group, Inc., Civ. A. No. 93-3142, 1994 WL 675221, at *1 (E.D.Pa. Nov. 23, 1994) ("A party can obtain the substantial equivalent of investigatory notes with interrogatories that elicit information about the investigation or by deposing witnesses interviewed by an

---

[7]Anticipating plaintiff's opposition to their Motion, defendants point out, "[t]he FTC will argue that the Kwasnik defendants can obtain this information from Mr. Puglia at his deposition. That is easy for the FTC to say, they already know what Mr. Puglia told them. The factual information of what Mr. Puglia told the FTC should be available through answers to interrogatories, however...the FTC refuses to disclose through answers to interrogatories exactly what Mr. Puglia told them. Thus, the information is not available through other means." Brief at 12-13. Defendants' argument lacks merit. The fact that plaintiff may have pre-existing knowledge of what a witness may say at his deposition is not unusual and does not serve as a basis for ordering production of an attorney's work product.

investigator.").

The present case is distinguishable from a situation where a witness is no longer available or can be reached only with difficulty. See Hickman v. Taylor, 329 U.S. 495, 512 (1947). This case is also distinguishable from circumstances where a witness has invoked his Fifth Amendment right against self-incrimination as a basis for refusing to answer questions at a deposition. See, e.g., Sentinel Mgmt. Grp., Inc., supra, 2010 WL 4977220, at *9 (citing Hickman, 329 U.S. at 508) (noting that a situation where a party is "unable to interview or depose...witnesses because a parallel grand jury proceeding has made witnesses unwilling to provide interviews and has caused witnesses to invoke the Fifth Amendment at their depositions rather than answer questions...[is] a far cry from...where a party served an interrogatory seeking 'oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired.'"). Because defendants have not demonstrated an inability to obtain Puglia's deposition testimony and version of the relevant events, they have not demonstrated a substantial need for compelled disclosure of the investigator's notes.

The fact that the notes at issue here are those of an investigator and not an attorney is of no moment. "The case law dealing with attorneys' investigators shows that they should generally be afforded the same protection as the attorneys for whom

11

they work." <u>Alexander v. F.B.I.</u>, 192 F.R.D. 12, 18 (D.D.C. 2000). The investigator's affidavit submitted to the Court provides additional support for finding the notes to be protected by the work product doctrine. As the investigator declares, "[t]he notes consist of [his] mental impressions, conclusions, and summaries of some of what was said by the various persons at the meeting. The notes reflect [his] thoughts of the conversation as it related to the FTC's investigative and legal theories of the case. Nothing in [his] notes consists of verbatim or near verbatim statements of what was said by anyone at the meeting." Declaration of Andrew Hernacki ¶ 5. If the notes were authored by an attorney in the case, it is likely defendants would not challenge their non-production. Under the circumstances present here, the investigator's notes are afforded the same protection.

Defendants urge the Court to sever the factual information contained in the notes from what would be considered protected work product. <u>See</u> Brief at 17 ("The Kwasnik defendants are interested in the facts contained in these documents, not the mental impressions or opinions of any investigator or counsel. In providing these documents, the privileged portions of those documents can be redacted."). This request is unavailing, as "the deliberative process privilege, not the work-product privilege, is the source of the fact/deliberative process distinction, and ... factual elements can 'seldom' be segregated from attorney work

12

product." Judicial Watch, Inc. v. Department of Justice, 432 F.3d 366, 372 (D.C. Cir. 2005) (quoting Martin v. Office of Special Counsel, 819 F.2d 1181, 1186 (D.C. Cir. 1987)). Moreover, "even where the attorney's summary of a witness's oral statements appears to be entirely factual, the attorney's mental processes are necessarily disclosed to some degree." Sentinel Mgmt. Grp., Inc., supra, 2010 WL 4977220, at *8 (citing Upjohn v. United States, 449 U.S. 383, 399 (1981)).

Accordingly, the Court finds the investigator's notes of Puglia's interview are protected by the work product doctrine, thereby exempting them from disclosure. Just as the investigator's notes are shielded from compelled disclosure, plaintiff is also shielded from answering defendants' interrogatory, which requires plaintiff to rely on its notes from the Puglia interview. As the Supreme Court noted in Hickman,

> [F]orcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.

329 U.S. at 512-13. In addition, the desire to use the interview

13

notes for impeachment purposes does not constitute "substantial need."  See In re Grand Jury, 599 F.2d at 1233 ("We do not believe...that the desire to impeach or corroborate a witness's testimony, by itself, would ever overcome the protection afforded the interview memoranda.").

### C. In Camera Review

Finally, the Court declines defendants' entreaty to conduct an in camera review of the requested documents.  See Brief at 17.  A court should not conduct in camera reviews solely because a party begs it to do so.  United States v. Zolin, 491 U.S. 554, 571-72 (1989). "Before engaging in in camera review to determine the applicability of [a privilege], the [Court] should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the [privilege] applies."  Graco, Inc. v. PMC Global, Inc., No. 08-1304 (FLW/DEA), 2011 WL 666048, at *19 (D.N.J. Feb 14, 2011)(citing Haines v. Liggett Group Inc., 975 F.2d 81, 96 (3d Cir. 1992); Zolin, 491 U.S. at 572)).  See also Nishika, Ltd. v. Fuji Photo Film Co., Ltd., 181 F.R.D. 465, 467 (D.Nev. 1998) (citing Zolin, supra)("There must first be a sufficient evidentiary showing which creates a legitimate issue as to the application of the privilege asserted.").  "Once such a showing is made, 'the decision whether to engage in in camera review rests in the sounds discretion of the

14

district court.'" <u>Graco, Inc.</u>, <u>supra</u> (internal citations omitted). For the reasons already discussed, the Court finds defendants have not made an adequate showing that <u>in</u> <u>camera</u> review is necessary, and the case law provides adequate support for the Court's denial of defendants' Motion.

**V. CONCLUSION**

Accordingly, for all the foregoing reasons, it is on this 5th day of July 2011 hereby ORDERED that Defendants' "Motion to Compel Answer to Interrogatory and Production of Documents" [Doc. No. 128] is DENIED.

<u>s/Joel Schneider</u>
JOEL SCHNEIDER
United States Magistrate Judge
